IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TEENA M. BEARDEN                                                                         PLAINTIFF

vs.                                   Civil No. 4:10-cv-04164

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Teena M. Bearden ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a Disability Insurance Benefits and period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 11.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for DIB on February 15, 2006. (Tr. 83-87). Plaintiff alleged she was disabled due to back, neck, feet and leg pain and deteriorating disks. (Tr. 106). Plaintiff alleged an onset date of April 4, 2003. (Tr. 106). Plaintiff's application was denied initially and was denied at the reconsideration level. (Tr. 69-71, 75-76).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

On March 7, 2007, Plaintiff requested an administrative hearing on her application. (Tr. 77). This hearing was held on June 5, 2008 in Texarkana, Arkansas. (Tr. 31-56). Plaintiff was present and was represented by counsel, Howard Goode, at this hearing. *See id.* Plaintiff, her husband Wayne Bearden, daughter-in-law Marsha Lee Johnston, and Vocational Expert Mack Welsh ("VE") testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a 10th grade education. (Tr. 40, 46).

On March 13, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 20-27). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 4, 2003. (Tr. 26, Finding 2). The ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the lower spine, obesity, gastroesophageal reflux disease, hypertension, hypothyroidism, asthma, and lumbago. (Tr. 26, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 26, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-25). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 21). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of light work activity level. (Tr. 27, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform

2

that work and other work in the national economy. (Tr. 27, Findings 6, 7). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr.43-44, 54-55). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a cashier and assistant manager. (Tr. 27). The ALJ determined, considering his RFC, that Plaintiff would be able to perform her PRW. (Tr. 27, Finding 6).

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 27, Finding 7). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as an inventory clerk with approximately 165,000 such jobs in the region and 530,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act , at any time through the date of the ALJ's decision. (Tr. 27, Finding 9). The ALJ also used Medical-Vocational Guidelines Rule 202.11 and 202.12 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and RFC. (Tr. 27, Finding 8).

On April 2, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 28). *See* 20 C.F.R. § 404.968. On September 22, 2010, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-5). On November 18, 2010, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on July 8, 2011. ECF No. 11. Both parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9 at 3-8. Specifically, Plaintiff claims the ALJ erred (1) in evaluating her subjective complaints and (2) improperly evaluated the opinions of Plaintiff's treating physicians. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10. Because this Court finds the ALJ improperly evaluated the opinions of Plaintiff's treating physician, this Court will only address this issue Plaintiff raised.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See*

5

*Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform a full range of light work activity. (Tr. 27, Finding 5). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physicians, Dr. Shawn Stussy and Dr. James Weedman. ECF No. 9, Pgs. 7-8. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. ECF No. 10, Pgs, 9-12.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. §

6

404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On May 12, 2006, Dr. Stussy prepared a Physician's Source Statement. (Tr. 480). According to the Physician's Source Statement, Dr. Stussy first examined Plaintiff in June 2005 and last examined Plaintiff on May 12, 2006. *Id.* Dr. Stussy diagnosed Plaintiff with lumbago and stated that due to Plaintiff's impairments, she would miss about three days of work per month due to significant back pain and she would have to take one to two unscheduled 10 minute breaks per day during an 8-hour workday. *Id.* According the ALJ, he considered Dr. Stussy's opinion, but in light of the overall record, he determined the opinion was not persuasive. (Tr. 23). The ALJ provided no further analysis for his treatment of Dr. Stussy's opinions. The ALJ did not provide detail as to how Dr. Stussy's opinions were unsupported or inconsistent with other substantial evidence in the record.

On September 4, 2009, Dr. Weedman completed a Physician's Source Statement of Plaintiff. (Tr. 562-564). After the ALJ's March 13, 2009 opinion, Plaintiff submitted Dr. Weedman's Physician's Source Statement to the Appeals Council. (Tr. 5). Dr. Weedman stated he treated Plaintiff from June 12, 2009 to September 3, 2009. (Tr. 562). Therefore, all of Dr. Weedman's treatment of Plaintiff occurred after the ALJ rendered his March 13, 2009 opinion. (Tr. 27).

7

Because of this, Dr. Weedman's Physician's Source Statement is not material and did not relate to the period on or before the date of the ALJ's decision.  (Tr. 562-564).  As a result, the Appeals Council was not required to consider this evidence.  See 20 C.F.R. §§ 404.976(b), 416.1476(b).

However, substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician, Dr. Stussy.  Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Stussy.  This remand should include a discussion of the opinions of Dr. Weedman also.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **28th day of November, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.